UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RALPH QUINONES, Plaintiff,

v. : CA05-44T

ASHBEL T. WALL, et al., Defendants.

**ORDER RE ELECTION**

Plaintiff Ralph Quinones ("Plaintiff") seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). He has filed an affidavit making the required showing pursuant to § 1915(a).

The court is inclined to grant Plaintiff's request for leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $150.00[1] for a § 1983 action. A prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his prisoner trust account or the average monthly balance for the six months prior to the filing of his petition. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. These payments are collected and forwarded by the Adult Correctional Institutions ("ACI") to the Clerk of Court each time the amount in Plaintiff's prisoner trust account exceeds $10.00, until the entire filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court additionally notes that, in addition to damages, Plaintiff requests the restoration of good-time credits.

[1] Plaintiff filed this action on February 4, 2005. On that date, the filing fee was $150.00. As of February 7, 2005, the filing fee for a civil action, including a § 1983 action, increased to $250.00.

3

However, the proper vehicle for seeking restoration of good-time credits is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Edwards v. Balisok, 520 U.S. 641, 643-44, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997)("the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus")(citing Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)); Donate v. Taylor, No. 01-C-0491-C, 2001 WL 34377564, at *4 (W.D. Wis. Nov. 30, 2001)(holding that restoration of good time credits cannot be obtained in a § 1983 action and that petitioner must file a petition pursuant to 28 U.S.C. § 2254 after exhausting any remedies available to him in the state court system). The filing fee for a petition for writ of habeas corpus remains $5.00.

Accordingly, Plaintiff is directed to notify the court, in writing, within ten (10) days whether he wishes to: 1) proceed with his § 1983 action for damages, in which case his request to proceed in forma pauperis will be granted and he will be required to pay the $150.00 filing fee; 2) withdraw that action and file a petition for writ of habeas corpus in order to seek restoration of good-time credits, in which case he will be required to pay the full $5.00 filing fee immediately; or 3) proceed with his § 1983 action and also file a petition for a writ of habeas corpus, in which case he will be required to pay both the $150.00 filing fee for the § 1983 action and the $5.00 filing fee for the petition for writ of habeas corpus. If Plaintiff elects option 3), he will be required to pay the full $5.00 habeas filing fee immediately.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
February 14, 2005

BY ORDER:

Deputy Clerk