**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Ralph Quinones,**<br>**Plaintiff** | : | |
| **vs.** | : | **C.A. No. 05-044T** |
| **ASHBEL T. WALL in his capacity as DIRECTOR of the DEPARTMENT OF CORRECTIONS,**<br>**Defendant** | : | |

## MOTION FOR EXTENSION OF TIME

Defendant, Ashbel T. Wall, in his capacity as Director of the State of Rhode Island, Department of Corrections ("Defendant" or "Wall"), pursuant to Federal Rules of Civil Procedure Rule 6 (b), hereby moves for a forty-five (45) day extension of time within which to answer or otherwise respond to the Complaint filed in this civil action by Plaintiff, Ralph Quinones ("Plaintiff" or "Quinones). In support hereof, Defendant Wall respectfully submits the accompanying Memorandum of Law.

WHEREFORE, Defendant respectfully requests the grant of a forty-five (45) day extension of time to answer or otherwise respond to Plaintiff's Complaint, up to and including April 21, 2005, and such other and further relief as justice may require.

5

Respectfully submitted,

DEFENDANT
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that a copy of this Motion for Extension of Time was mailed, postage prepaid, on this 7th day of March, 2005 to the following:

**Ralph Quinones, ID. # 05346-070**, United States Penitentiary, P.O. Box 3000, White Deer, PA 17887.

**Ralph Quinones, ID. # 05346-070**, Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Ralph Quinones,**<br>**Plaintiff** | : | |
| **vs.** | : | **C.A. No. 05-044T** |
| **ASHBEL T. WALL in his capacity as DIRECTOR of the DEPARTMENT OF CORRECTIONS,**<br>**Defendant** | : | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

**INTRODUCTION**

Defendant, Ashbel T. Wall, in his capacity as Director of the State of Rhode Island, Department of Corrections ("Defendant" or "Wall"), respectfully submits this Memorandum of Law in support of his Motion for Extension of Time to answer or otherwise respond to the Complaint in this civil action filed by Plaintiff, Ralph Quinones ("Plaintiff" or "Quinones"). As grounds for the requested extension of time, Defendant Wall respectfully submits the following.

Plaintiff Quinones filed the instant Complaint on or about February 4, 2005. On February 14, 2005, the Court issued an Order of Election. See Order, copy attached. The Order considered Plaintiff's suit, identified possible elections and directed that he notify the Court as to how he wished to proceed. See Order. Plaintiff has failed to respond as ordered. In fairness, however, Defendant Wall hereby informs the Court that Plaintiff has left State custody via a Federal Detainer. Upon information and belief, Plaintiff first went to the Wyatt Detention Center and then to the United States Penitentiary, White Deer, Pennsylvania.

Accordingly, on grounds of civil procedure, judicial economy and fairness, Defendant Wall submits that he should not be required to answer or otherwise respond to a Complaint the nature and scope of which is as yet undetermined by Plaintiff. Further, the instant Motion is made on the good faith assumption that Plaintiff Quinones shall, forthwith, comply with the Court's February 14, 2005 Order.

For the reasons set forth herein, Defendant Wall respectfully requests that the Motion for Extension of Time to answer or otherwise respond to Plaintiff's Complaint, seeking forty-five (45) days, up to and including April 21, 2005, be granted, and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANT
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of this Motion for Extension of Time was mailed, postage prepaid, on this 7th day of March, 2005 to the following:

**Ralph Quinones, ID. # 05346-070**, United States Penitentiary, P.O. Box 3000, White Deer, PA 17887.

**Ralph Quinones, ID. # 05346-070**, Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863.

Adriano Roy

ATTACHMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RALPH QUINONES, :
Plaintiff, :
v. :
: CA05-44T
ASHBEL T. WALL, et al., :
Defendants. :

**ORDER RE ELECTION**

Plaintiff Ralph Quinones ("Plaintiff") seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). He has filed an affidavit making the required showing pursuant to § 1915(a).

The court is inclined to grant Plaintiff's request for leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $150.00[1] for a § 1983 action. A prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his prisoner trust account or the average monthly balance for the six months prior to the filing of his petition. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. These payments are collected and forwarded by the Adult Correctional Institutions ("ACI") to the Clerk of Court each time the amount in Plaintiff's prisoner trust account exceeds $10.00, until the entire filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court additionally notes that, in addition to damages, Plaintiff requests the restoration of good-time credits.

---

[1] Plaintiff filed this action on February 4, 2005. On that date, the filing fee was $150.00. As of February 7, 2005, the filing fee for a civil action, including a § 1983 action, increased to $250.00.

5

However, the proper vehicle for seeking restoration of good-time credits is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Edwards v. Balisok, 520 U.S. 641, 643-44, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997)("the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus")(citing Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)); Donate v. Taylor, No. 01-C-0491-C, 2001 WL 34377564, at *4 (W.D. Wis. Nov. 30, 2001)(holding that restoration of good time credits cannot be obtained in a § 1983 action and that petitioner must file a petition pursuant to 28 U.S.C. § 2254 after exhausting any remedies available to him in the state court system). The filing fee for a petition for writ of habeas corpus remains $5.00.

Accordingly, Plaintiff is directed to notify the court, in writing, within ten (10) days whether he wishes to: 1) proceed with his § 1983 action for damages, in which case his request to proceed in forma pauperis will be granted and he will be required to pay the $150.00 filing fee; 2) withdraw that action and file a petition for writ of habeas corpus in order to seek restoration of good-time credits, in which case he will be required to pay the full $5.00 filing fee immediately; or 3) proceed with his § 1983 action and also file a petition for a writ of habeas corpus, in which case he will be required to pay both the $150.00 filing fee for the § 1983 action and the $5.00 filing fee for the petition for writ of habeas corpus. If Plaintiff elects option 3), he will be required to pay the full $5.00 habeas filing fee immediately.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
February 14, 2005

BY ORDER:

Deputy Clerk