UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RALPH QUINONES, :
Plaintiff, :
v. :
: CA 05-44T
ASHBEL T. WALL, et al., :
Defendants. :

**ORDER**

Plaintiff Ralph Quinones ("Plaintiff") seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). He has filed an affidavit making the required showing pursuant to § 1915(a).

The court on February 14, 2005, issued an Order Re Election, in which it noted that the court was inclined to grant Plaintiff's request for leave to proceed in forma pauperis. The court also noted, however, that pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), Plaintiff would be required to pay the statutory filing fee of $150.00[1] for a § 1983 action.[2]

The court additionally observed that, in addition to damages, Plaintiff requested the restoration of good-time credits. The court informed Plaintiff that the proper vehicle for seeking restoration of good-time credits is a petition for

---

[1] Plaintiff filed this action on February 4, 2005. On that date, the filing fee was $150.00. As of February 7, 2005, the filing fee for a civil action, including a § 1983 action, increased to $250.00.

[2] A prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his prisoner trust account or the average monthly balance for the six months prior to the filing of his petition. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. These payments are collected and forwarded by the Adult Correctional Institutions ("ACI") to the Clerk of Court each time the amount in Plaintiff's prisoner trust account exceeds $10.00, until the entire filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

7

writ of habeas corpus pursuant to 28 U.S.C. § 2254, see Edwards v. Balisok, 520 U.S. 641, 643-44, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997)("the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus")(citing Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)); Donate v. Taylor, No. 01-C-0491-C, 2001 WL 34377564, at *4 (W.D. Wis. Nov. 30, 2001)(holding that restoration of good time credits cannot be obtained in a § 1983 action and that petitioner must file a petition pursuant to 28 U.S.C. § 2254 after exhausting any remedies available to him in the state court system), for which the filing fee remains $5.00.

The court then directed Plaintiff to notify the court, in writing, whether he wished to: 1) proceed with his § 1983 action for damages, in which case his request to proceed in forma pauperis will be granted and he will be required to pay the $150.00 filing fee; 2) withdraw that action and file a petition for writ of habeas corpus in order to seek restoration of good-time credits, in which case he will be required to pay the full $5.00 filing fee immediately; or 3) proceed with his § 1983 action and also file a petition for a writ of habeas corpus, in which case he will be required to pay both the $150.00 filing fee for the § 1983 action and the $5.00 filing fee for the petition for writ of habeas corpus.[3]

The court received no response from Plaintiff. It was subsequently brought to the court's attention that Plaintiff was transferred from the Adult Correctional Institutions in Rhode Island to the Allenwood United States Penitentiary in Pennsylvania. Accordingly, the court directed that the Order Re Election be sent to Plaintiff at the Allenwood address which he provided to the court. Plaintiff still has not responded.

[3] If Plaintiff elects option 3), he will be required to pay the full $5.00 habeas filing fee immediately.

Plaintiff is hereby directed to notify the court within twenty-one (21) days of today's order, i.e. not later than April 14, 2005, how he intends to proceed. Defendant shall have twenty-one (21) thereafter, i.e., not later than May 5, 2005, to file its answer to the Complaint or other responsive pleading. If Plaintiff fails to respond, his application to proceed in forma pauperis will be denied without prejudice.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
March 24, 2005

BY ORDER:

Deputy Clerk