**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RALPH QUINONES,**<br>**Plaintiff**<br><br>**vs.**<br><br>**ASHBEL T. WALL in his capacity as DIRECTOR of the DEPARTMENT OF CORRECTIONS,**<br>**Defendant** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **C.A. No. 05-044T** |

**MOTION TO DISMISS**

Defendant, Ashbel T. Wall ("Defendant" or "Wall"), in his capacity as Director of the State of Rhode Island, Department of Corrections ("DOC"), hereby moves to dismiss the Complaint filed in this civil action by Plaintiff, Ralph Quinones ("Plaintiff" or "Quinones"), pursuant to the Federal Rules of Civil Procedure, Rules 4, 12(b)(5), 12(b)(6) and 41(b), for insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to prosecute and comply with the Court's Orders.

In support hereof, Defendant Wall respectfully submits the accompanying Memorandum of Law.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and such other and further relief as justice may require.

9

Respectfully submitted,

DEFENDANT
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of this Motion to Dismiss was mailed by first class mail, postage prepaid, on this 5th day of May, 2005 to:

**Ralph Quinones, ID. # 05346-070**, United States Penitentiary, P.O. Box 3000, White Deer, PA 17887.

**Ralph Quinones, ID. # 05346-070**, Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **RALPH QUINONES,**<br>**Plaintiff** | : | |
| **vs.** | : | **C.A. No. 05-044T** |
| **ASHBEL T. WALL in his capacity as DIRECTOR of the DEPARTMENT OF CORRECTIONS,**<br>**Defendant** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

Defendant, Ashbel T. Wall ("Defendant" or "Wall"), in his capacity as Director of the State of Rhode Island, Department of Corrections ("DOC"), respectfully submits this Memorandum of Law in support his Motion to Dismiss the Complaint in this civil action filed by Plaintiff, Ralph Quinones ("Plaintiff" or "Quinones"), pursuant to the Federal Rules of Civil Procedure, Rules 4, 12(b)(5), 12(b)(6) and 41(b), for insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to prosecute and comply with the Court's Orders.

For the reasons set forth herein, Defendant Wall respectfully requests that the Motion to Dismiss be granted, and such other and further relief as justice may require.

## PLAINTIFF'S COMPLAINT

Quinnoness' Complaint, fairly read and liberally construed, alleges the following. The named Defendants are Director Wall, Deputy Hilterman and John and Jane Does.[1]

[1] No Defendant has been served with a Summons and Complaint. DOC's Legal Office received a copy of the form Complaint by interdepartmental mail. Accordingly, this Motion is filed on behalf of Defendant Wall in his official capacity as DOC Director.

Quinnones alleges an assault by other inmates and asserts the violation of DOC policy and procedures. He requests money damages, the restoration of good time and to have his parole reinstated. Quinnones does not allege any act or omission by Defendant Wall that caused or contributed to the alleged assault or the basis for the restoration of his good time.

**ARGUMENT**

1. **The Complaint Should Be Dismissed For Insufficiency Of Service Of Process.**

Quinnones has failed to serve a Summons and Complaint on Defendant Wall. DOC's Legal Office did receive a copy of the form Complaint by interdepartmental mail. Therefore, pursuant to Fed. R. Civ. P. Rules 4 and 12(b)(5), Plaintiff's Complaint should be dismissed with prejudice for insufficiency of service of process.

2. **The Complaint Should Be Dismissed For Failure To State A Claim.**

Even fairly read and liberally construed, the Complaint, on its face, fails to allege any act or omission by Defendant Director Wall that caused or contributed to Quinnones' alleged assault by other inmates or the basis for the restoration of his good time. For this reason alone, Quinnones' Complaint fails to state a claim against Defendant Wall and, pursuant to Fed. R. Civ. P. Rule 12(b)(6), the Motion to Dismiss should be granted.

3. **The Section 1983 Complaint For Money Damages Should be Dismissed.**

Plaintiff Quinones names Defendant Wall, in his capacity as DOC Director, as the Defendant in this civil action. In his official capacity, however, Defendant Wall is not a "person" who can be sued for monetary damages under 42 U.S.C. § 1983 for alleged constitutional violations. Will v. Michigan, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons under §1983.") As the Supreme Court reasoned, "a suit against a state official in his or her

official capacity is not a suit against the official but rather is a suit against the official's office." 491 U.S. at 71. (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). "As such it is no different from a suit against the state itself." Id. (citing Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) and Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978)). Thus, Plaintiff's Complaint in this civil action fails to state a claim upon which relief can be granted against Defendant Wall in his official capacity. Accordingly, pursuant to Fed. R. Civ. P. Rule 12(b)(6), Defendant's Motion to Dismiss should be granted.

**4. The Complaint Should Be Dismissed For Plaintiff's Failure To Prosecute.**

The Court issued an Order of Election on February 14, 2005. Quinnones was directed to notify the Court, in writing, as to three (3) alternatives of how he wished to proceed in this civil action. He failed to so notify the Court. The Court issued a second order on March 24, 2005. Quinnones was again directed to notify the Court (not later than April 14, 2005) as to how he intended to proceed. Again, he failed to so notify the Court. On May 2, 2005, the Court issued its third Order, denying the application to proceed in forma pauperis.

In fact, Quinnones has filed no papers and had no contact with the Court since he filed a notice of change of address on or about February 25, 2005. Therefore, pursuant to Fed. R. Civ. P. Rule 41(b), for the clear failure to prosecute this case, for violation of the Court's Orders, for judicial economy, and, respectfully, for the frivolous, time-wasting nature of this action, Plaintiff's Complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth, Defendant Wall respectfully requests that his Motion to Dismiss be granted, that Plaintiff Quinnones' Complaint be dismissed with prejudice, and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANT
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that a copy of this Motion to Dismiss was mailed by first class mail, postage prepaid, on this 5th day of May, 2005 to:

**Ralph Quinones, ID. # 05346-070**, United States Penitentiary, P.O. Box 3000, White Deer, PA 17887.

**Ralph Quinones, ID. # 05346-070**, Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863.