UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
RALPH QUINONES,                    :
                   Plaintiff,      :
       v.                          :
                                   :          CA05-44T
ASHBEL T. WALL, et al.,            :
                   Defendants.     :
```

### REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

Before the court is the Motion to Dismiss (Document #9) filed by Defendant A.T. Wall[1] ("Defendant") in his capacity as Director of the State of Rhode Island Department of Corrections ("DOC"). The Motion to Dismiss has been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(a). The court has determined that no hearing is necessary. I recommend that the Motion to Dismiss be granted.

### Travel

On February 4, 2005, Plaintiff Ralph Quinones ("Plaintiff") filed a Complaint (Document #1), by which he sought relief pursuant to 42 U.S.C. § 1983, and an Application to Proceed in Forma Pauperis and Affidavit (Document #2) (the "Application") pursuant to 28 U.S.C. § 1915. The Application was subsequently referred to this Magistrate Judge for determination.

The court on February 14, 2005, issued an Order Re Election (Document #3). In the Order Re Election, the court noted that, in addition to damages, Plaintiff requested the restoration of

---

[1] The Complaint names Ashbel T. Wall, et al., and the R.I. Department of Corrections as Defendants. See Complaint at 1. The "et al." refers to "Deputy Hilterman, John Does, and Jane Does." Id. at 2.

good-time credits and that the proper vehicle for seeking such relief is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Order Re Election at 1-2 (citing Edwards v. Balisok, 520 U.S. 641, 643-44, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997); Donate v. Taylor, No. 01-C-0491-C, 2001 WL 34377564, at *4 (W.D. Wis. Nov. 30, 2001)). The court directed Plaintiff to notify the court within ten days whether he wished to proceed with his § 1983 action for damages, withdraw the § 1983 action and file a petition for writ of habeas corpus, or proceed with the § 1983 action and also file a petition for writ of habeas corpus. See id. at 2. The court received no response.

Plaintiff filed a Notice of change of address (Document #4) on February 25, 2005. Concerned that Plaintiff had not received the Order Re Election, the court on March 24, 2005, issued another Order (Document #7), summarizing the Order Re Election and directing Plaintiff to inform the court not later than April 14, 2005, how he wished to proceed. See Order of 3/24/05 at 3. Again the court received no response. Accordingly, on May 2, 2005, the court denied without prejudice Plaintiff's Application. See Order Denying Application to Proceed in Forma Pauperis (Document #8).

Defendant filed the instant Motion to Dismiss on May 5, 2005. As of the date of this Report and Recommendation, Plaintiff has not filed an objection.

### Discussion

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and Fed. R. Civ. P. 41(b) for failure to prosecute and to comply with the court's orders. See Motion to Dismiss; Memorandum of Law in Support of Motion to Dismiss ("Defendant's Mem.") at 1. The court concludes that dismissal pursuant to

41(b) is warranted.[2]

Fed. R. Civ. P. 41(b) provides, in relevant part:

**(b) Involuntary Dismissal: Effect Thereof.**
For failure of the plaintiff to prosecute or to comply
with these rules or any order of court, a defendant may
move for dismissal of an action or of any claim against
the defendant. Unless the court in its order for
dismissal otherwise specifies, a dismissal under this
subdivision ... operates as an adjudication upon the
merits.

Fed. R. Civ. P. 41(b). Since filing the Complaint and
Application, the only action Plaintiff has taken regarding this
action is the filing on February 25, 2005, of a Notice of change
of address. See Docket; Defendant's Mem. at 3. Thus the court
concludes that dismissal for failure to prosecute is appropriate.
Additionally, it is clear from the above Travel that Plaintiff
has failed to comply with the court's orders. He was twice
directed to notify the court of his intended course of action.
See Order Re Election; Order of 3/24/05. He failed to do so.
Accordingly, dismissal based on Plaintiff's failure to comply
with the court's orders is also warranted. I therefore recommend
that the Motion to Dismiss be granted pursuant to Fed. R. Civ. P.
41(b).

### Conclusion

Based on the foregoing, I recommend that Defendant's Motion
to Dismiss be granted. Any objections to this Report and
Recommendation must be specific and must be filed with the Clerk
of Court within ten (10) days of its receipt. See Fed. R. Civ.

---

[2] Because the court has concluded that dismissal pursuant to
Fed. R. Civ. P. 41(b) is warranted, the court need not address
Defendant's other grounds for dismissal. The court observes, however,
that it appears from the filings that Defendant's other grounds, Fed.
R. Civ. P. 12(b)(5) and (6), are also valid. In addition, the Docket
does not reflect that, subsequent to the denial of Plaintiff's
Application, he has paid the filing fee.

P. 72(b); D.R.I. Local R. 32.   Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.   See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


DAVID L. MARTIN
United States Magistrate Judge
Jure 3, 2005

Accepted in the absence
of an objection.

Ernest C. Torres
Chief, US District Judge

Date: 7/5/05